1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE S. LOUIE, | ) | 1:08-cv-399-AWI GSA |
| | ) | |
| | ) | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| Plaintiff, | ) | **Phase I:** |
| | ) | **Regarding Standing, Misjoinder, and** |
| v. | ) | **Vexatious Litigant Motions** |
| | ) | |
| | ) | Initial Disclosures: June 30, 2008 |
| | ) | Non-Expert Discovery: November 20, 2008 |
| | ) | |
| SUSANNE ACENCIO, d/b/a STATE FARM | ) | Motion Deadlines: |
| INSURANCE, et al., | ) |     Non-Dispositive: December 5, 2008 |
| | ) |     Dispositive: December 5, 2008 |
| | ) | |
| Defendants. | ) | Next Scheduling Conference : |
| | ) |     February 26, 2009 at 10:00 am |
| | ) |     Before the Honorable Gary S. Austin |
| _____ | ) |     Courtroom 10 |

I.      **Date of Scheduling Conference**

      May 28, 2008.

II.      **Appearances of Counsel**

      Keith Cable appeared on behalf of Plaintiff, George S. Louie.

      Julie Raney appeared on behalf of all Defendants.

///

1

1    **III.     The Pleadings**

2    **A.     Summary of the Pleadings**

3              **1.     Plaintiff's Contentions**

4         Plaintiff alleges he is a disabled person and has brought suit against 31 State Farm agents

5    (collectively, "Defendants") alleging violations of Title III of the Americans with Disabilities

6    Act, 42 U.S.C. §§ 12131, et seq. ("ADA"); California Disabled Persons Act, Cal. Civ. Code §§

7    54, et seq. ("DPA"); and the Unruh Civil Rights Act, Cal. Civ. §§ 51, et seq. ("Unruh Act").

8              **2.     Defendants' Contentions**

9         Defendants deny the operative allegations in Plaintiff's complaint and have alleged a

10   number of affirmative defenses.

11   **B.     Amendment of Pleadings**

12        Plaintiff may amend the Complaint to add parties, namely certain owners and/or landlords

13   of the subject properties.  Plaintiff will be in a better position to make this determination once

14   discovery is underway.

15   **C.     Possible Joinder of Additional Parties**

16        Plaintiff may join additional parties, namely certain owners and/or landlords of the

17   subject properties.  Plaintiff will be in a better position to make this determination once discovery

18   is underway.

19   **IV.     Legal Issues**

20   **A.     Undisputed Legal Issues**

21        The parties agree that subject matter jurisdiction and venue are proper with the United

22   States District Court for the Eastern District of California.

23   **B.     Preliminary Disputed Legal Issues**

24        There are two other related cases in this district : Louie v. Krum, et. al., Case No. 08-cv-

25   180 AWI-GSA and Louie v. Herrara, et. al., Case No. 2:08-cv-329 GEB-DAD.   Both cases have

26   similar causes of action and involve 25 and 20 State Farm Agents respectively. Defendants have

27

28                                        2

filed a Motion to Dismiss for Vexatious Litigation and indicate that a Motion for Summary Judgment for lack of standing is forthcoming.  Defendant may also file a motion related to misjoinder.

**V.     Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VI.     Discovery Plan and Cut-Off Date**

Given these contested preliminary legal issues, the court has bifurcated the discovery process and filing deadlines in this case.  Phase I will be limited to motions regarding standing, misjoinder and vexatious litigation.  The Deadlines for Phase I Discovery are as follows :

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **June 30, 2008.**  The parties are ordered to complete all discovery pertaining to non-experts for the three areas listed above on or before **November 20, 2008.**  A deadline for expert discovery for this phase of the discovery process was not set at the request of the parties.

The Court orders the following changes to limitations on discovery imposed pursuant to Fed. R. Civ. P. 33:

1.     The number of interrogatories propounded by each party shall be limited to 50.

**VII.     Pre-Trial Motion Schedule**

All Non-Dispositive and Dispositive Pre-Trial Motions for Phase I of this litigation, including any discovery motions, shall be filed no later than **December 5, 2008.**  In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**. Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10.  **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d).  However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions for Phase I of this litigation shall be filed no later than **December 5, 2008**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.  In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### VIII.   Next Scheduling Conference

If Defendant's dispositive motions are denied, another scheduling conference will be held on **February 26, 2009**, at 10:00 am before the Honorable Gary S. Austin, Courtroom 10, to set additional discovery and motions deadlines for Phase II of this litigation, a settlement conference date, a pretrial conference date, as well as a trial date.

### IX.   Compliance with Federal Procedure

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### X.   Effect of this Order

The foregoing order represents the best estimate of the Court and the parties as to the

agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:** __**June 3, 2008**__          _____**/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE